## WILLIAM FLYNN *vs.* ALFRED TRASK.

An action by a lessee against a lessor of a tenement to recover damages for the breach of an agreement by the latter to keep the premises in good condition and repair, whereby water flowed into the tenement and compelled the plaintiff to vacate it, is not defeated by proof of negligence on the part of the lessee which contributed to the injury complained of, provided the defendant also was guilty of negligence in failing to keep the premises in repair.

In such action, the defendant has no reason to complain of instructions that " he was bound to do all that ordinary sagacity, prudence and foresight could do to keep the premises in good repair and condition, and that if the injury was owing to this want of repair and could have been prevented by such ordinary sagacity, prudence and foresight, then he would be liable."

CONTRACT brought to recover damages for breach of an agreement made by the defendant with the plaintiff that he would put certain premises in Lawrence, belonging to the defendant and occupied by the plaintiff, " in good condition and repair, and so keep and maintain them while the plaintiff used and occupied them."

At the trial in the superior court, before *Putnam,* J., the plaintiff offered evidence tending to show that he was a tenant of the defendant, and that the contract declared on was made by the defendants at the beginning of the tenancy; that in March 1864 there was a storm of unusual severity, and the water flowed into the tenement, through the wall, and compelled the plaintiff to remove at midnight, and injured his furniture and provisions. The water had come into the tenement in January and February before, but repairs had been made which were supposed by the defendant's agent to be sufficient, but which the plaintiff at the trial contended were insufficient.

The defendant contended and offered evidence to show that, at the time the water came into the apartment before, some person had turned about a piece of tin, which the plaintiff had inserted into the end of the conductor, in such a manner as to carry the water away from the place provided for its passage, and that the water had gullied a hole into the ground, and he contended that the hole through which the water ran into the plaintiff's apartment, at the time complained of, entered at the place where this hole had been so previously made, and that

the injury in March was thus owing in part to the negligence of the plaintiff, and that therefore the plaintiff could not recover. The defendant's agent testified that, after the leakage in January, he replaced the spout so that the water would flow off properly, and that he never saw it again, except that after the injury complained of in March there were marks on the side of the building which looked as though some one had turned it back again, but there was no evidence to show that the plaintiff had put it on again, and the plaintiff denied that he had done so, or that he knew who turned it about as claimed.

The defendant's counsel asked the court to give the following instructions to the jury :

" 1. The plaintiff must show that, while a tenant in said premises, he did not by his own fault or negligence contribute to bring about the injury, as by putting tin on to the house, and carrying the water off the stone, and made the defect in the premises, and that he himself exercised ordinary care and diligence to avoid any injury which might result from the defendant's negligence, and that if the plaintiff negligently caused the injury he cannot recover.

" 2. If there was an express contract on the part of the defendant to make reasonable repairs, and if the defendant did not make such repairs, and for want of such repairs the premises were in an untenantable and dangerous condition to live in, and the plaintiff knew them to be in such condition and continued to live in them when in such condition, and did not use and employ reasonable means and did not exercise due care, diligence and prudence to prevent the injurious effects which might result to him on account of the untenantable and dangerous condition, he did not exercise due care, diligence and prudence, and cannot recover for any injury which happened to him in consequence thereof.

" 3. If there was an express contract to make the repairs on said premises by the defendant, and if the defendant just before the storm and flood exercised ordinary and due care, prudence and caution in putting said premises in such reasonable condition and repair as was reasonably sufficient to resist and protect

the premises against such storms, freshets and floods as ordinarily and usually occur at all seasons of the year, and not such as sometimes occur, and for an unimportant period of time, the defendant is not liable in this action.

" 4. If there was an express contract to repair, the defendant is only obliged to make such reasonable repairs as a careful, prudent and discreet man would make to save and protect his own premises, and to make such reasonable repairs as would be reasonably necessary to make the premises wind and water tight against such storms, freshets and floods as ordinarily and usually occur at the different seasons of the year, and if the defendant did exercise such care, prudence and discretion, and did make such repairs, and it was an unusual and extraordinary storm, freshet and flood that gullied out and washed away the dirt and gravel about said premises and damaged the plaintiff, then the plaintiff cannot recover.

" 5. If the defendant did expressly agree to make all repairs on said premises, and at or before the said storm, freshet or flood did make all the repairs the plaintiff demanded, and all the premises needed, and the plaintiff expressed himself perfectly satisfied with said repairs, and wished no more repairs, he waived all right to have more or better repairs made, and cannot recover for the injuries occasioned by their insufficiency.

" 6. If the injury done to said premises and the plaintiff was caused by the unusual and extraordinary action of the elements or an act of God, a cause against which human prudence, foresight and care would not provide, and against which, common sense, prudence and ability would not make reasonable provision, the plaintiff cannot recover.

" 7. If the plaintiff did fit a piece of tin on to the house so as to carry the water off from the stone provided to carry it off, and the water so carried off did make the hole on the premises which caused the premises to leak the second time, and the hole so made weakened the premises and contributed to the injury, then the plaintiff did not exercise due care, prudence and caution and cannot recover."

The judge declined to give the instructions as prayed for, but did instruct the jury, " that the plaintiff must satisfy them that there was the express provision made which the plaintiff had declared on ; that if it was so made, the defendant was bound to do all that ordinary sagacity, prudence and foresight could do to keep the premises in good repair and condition ; that if the injury from the storm was owing to this want of repair, and could have been prevented by such ordinary sagacity, prudence and foresight, then the defendant would be liable for breach of his contract; that if the damage to the wall was wholly owing to the fault or negligence of the plaintiff, then the plaintiff could not recover; but if the improper use of the conductor by the plaintiff was not the cause of this injury, but the injury complained of was owing to a want of proper strength to resist the effect of the storm, which the defendant could have provided against, the plaintiff could recover for damages occasioned thereby ; that if the agreement was made, and the damage was occasioned by want of proper repairs, the plaintiff could recover, though the defendant had no notice of the defect; and that if the plaintiff knew of this defect, and did not use proper and reasonable means to avoid the effect of it, and did not use proper and due care at the time of the flood to lessen the effect of the injury, this matter ought to be taken into consideration by the jury on the question of damages."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. C. Sanborn*, for the defendant. The plaintiff in an action like this must show that his own negligence did not contribute to the injury. *Brown* v. *Kendall*, 6 Cush. 292. 2 Greenl. Ev. § 473. Knowing of the danger to which he was exposed, he should have used due care to avoid it. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123, and cases cited. *Sherman* v. *Fall River Iron Works*, 2 Allen, 524. The defendant was only bound to use ordinary care in making repairs. Taylor Land. & Ten. 343. He was only bound to provide against ordinary storms. *Sprague* v. *Worcester*, 13 Gray, 193. In this case, the act of the plain·tiff contributed to the injury, and he cannot recover. *Parker* v

*Adams*, 12 Met. 415. *Brownell* v. *Flagler*, 5 Hill, 282. *Davies* v. *Mann*, 10 M. & W. 546. *Illidge* v. *Goodwin*, 5 C. & P. 190

*J. K. Tarbox*, for the plaintiff, cited *Drake* v. *Curtis*, 1 Cush. 395; *Commonwealth* v. *Bailey*, 11 Cush. 415; *Hayden* v. *Bradley*, 6 Gray, 425.

COLT, J.  The first and seventh instructions asked for by the defendant could not have been properly given.  They state propositions only applicable in actions of tort for an injury occasioned by the misfeasance or nonfeasance of the defendant. This case proceeds wholly upon the ground of a breach of contract by the defendant to put the premises occupied by the plaintiff in good repair, and so keep and maintain them.  The defendant cannot excuse the non-performance of his contract by proof of the plaintiff's negligence and want of care.  The promisor will be discharged from liability if he be prevented by the act or default of the promisee from performing the contract, but no such claim is made in this case.

The second instruction asked for seems to be founded on the same misapprehension, and confounds the well-established distinction above stated.  Upon the question of damages and only in reduction of them, the conduct of the plaintiff in failing to exercise due care to prevent injury to himself by the defendant's failure to perform his contract was proper for the consideration of the jury.  He can recover only for the consequences of the wrongful act of the defendant, and not for damages which might have been avoided by ordinary care on his part. *Sherman* v. *Fall River Iron Works*, 2 Allen, 524.  No instructions were asked or objected to upon the rule of damages.

The third, fourth and eighth instructions prayed for, which substantially required the judge to rule that the defendant was bound under his contract only to the exercise of ordinary and due care in putting and keeping the premises in reasonable repair, are embraced in the instruction given as to the degree of foresight and prudence which the defendant was bound to use and in the rule stated that the injury from the storm must be owing to this want of repair.  The instructions given were certainly sufficiently favorable to the defendant.  As a general rule

the performance of a contract is not excused by the occurrence of an inevitable accident or other contingency, although not foreseen or within the control of the party. The covenant of a lessor or lessee to repair is not discharged by the destruction of or injury to the premises by lightning, fire or wind. Chit. Con. (10 Amer. ed.) 803, and cases cited. In *Brecknock Co.* v. *Pritchard*, 6 T. R. 750, under a covenant to build a bridge in a substantial manner and to keep it in repair for a certain time, the party is bound to rebuild the bridge, though broken down by an extraordinary flood.

The fifth request for instructions asked was not authorized by any evidence in the case. There is nothing to show that the plaintiff ever approved of the repairs made, or waived his right to require more or better repairs to the premises.

The instructions given to the jury stated the rule of the defendant's liability to repair under his contract with sufficient accuracy. *Exceptions overruled.*